UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENEVIA DAVIS, | § | |
| TDCJ # 02217183, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-0809 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Genevia Davis, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* in this habeas action. Davis filed a petition for a federal writ of habeas corpus seeking relief from a state conviction (Dkt. 1). Respondent Bobby Lumpkin filed a motion to dismiss (Dkt. 9) and a copy of the state court records (Dkt. 10). Davis has not filed a response, and the time to respond has expired. The motion is ripe for decision. Having now considered the petition, briefing, all matters of record, and the applicable legal authorities, the Court determines that the petition should be **dismissed without prejudice** because Davis has not exhausted all available state remedies.

## I.    BACKGROUND

Davis was convicted of manslaughter in connection with the death of her husband, Morgan Davis. On August 31, 2018, a jury sentenced her to 20 years in TDCJ in Case No.

1535200, 232d District Court for Harris County (Dkt. 10-7, at 224-25). On January 14, 2020, the First Court of Appeals affirmed the judgment against her. *Davis v. State*, No. 01-18-00827-CR, 2020 WL 201959 (Tex. App. Hou [1st Dist.] Jan 14, 2020, no pet.). Davis did not file a petition for discretionary review with the Court of Criminal Appeals.

To date, Davis has not submitted an application for state habeas relief. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/Case Search.aspx?coa=cossup=c (last visited Dec. 7, 2022); Criminal Records Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Dec. 7, 2022); *see also* Dkt. 9, at 3.

On March 1, 2022, Davis filed a petition for a writ of habeas corpus in these federal proceedings. She brings four claims for relief: that her trial counsel failed to present certain evidence at trial; that her trial counsel did not subpoena certain witnesses; that a person named Laura Kellam accused her on the news of being a murderer before the trial began and harassed Davis and her children online; and, that the prosecutor did not properly question her husband's father about the mental and emotional stability of his son (*id.* at 6-7). As relief for her claims, she requests "to be involved in a[n] abuse program" and to be released from prison in order to "help [her] daughter heal from this trauma" (*id.* at 7). Regarding the timeliness of her federal petition, Davis states that she thought her appellate attorney was helping her but, after receiving no communication from the attorney, "started self-advocating" but "had no idea of [the] timeline" (*id.* at 9).

2 / 6

Davis also has submitted letters and documents providing information about her claim that she was a victim of domestic abuse by her husband (Dkt. 4; Dkt. 5; Dkt. 6; Dkt. 8).

## II.  <u>EXHAUSTION OF REMEDIES</u>

Under the exhaustion doctrine, a federal court may not grant habeas relief from a state conviction unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (cleaned up).  Exceptions exist only where there is no available state corrective process or circumstances render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B).

To satisfy the exhaustion requirement, a petitioner must "fairly present his legal claim to the highest state court in a procedurally proper manner."  *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (cleaned up).  The federal claim must be the "substantial equivalent" of the claim brought before the state court.  *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016); *see Lucio v. Lumpkin*, 987 F.3d 451, 464 (5th Cir. 2021) ("a state prisoner who does not fairly present a claim to a state habeas court—specifying both the legal and factual basis for the claim—may not raise that claim in a subsequent federal proceeding").  A federal habeas petitioner shall not be deemed to have exhausted the remedies available

in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust a claim in Texas, a petitioner must present the claim in a procedurally proper manner to the state's highest court of criminal jurisdiction—the Court of Criminal Appeals—by taking one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Court of Criminal Appeals; or (2) she may petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

In this case, Davis did not file a petition for discretionary review in the Court of Criminal Appeals after her conviction was affirmed by the appellate court. She also has not filed an application for state habeas relief in the trial court that, after consideration by the trial court, would be transmitted to the Court of Criminal Appeals. Therefore, comity requires this court to defer until the Court of Criminal Appeals has considered the merits of her claims.

A state habeas application remains available to Davis as a means to present her claims to the state courts. Her pending federal habeas petition therefore is premature and

will be dismissed without prejudice because she has not yet exhausted all available state remedies.[1]

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[1]     The respondent also requests dismissal of Davis' petition with prejudice based upon the statute of limitations.  Given the holding above, the Court does not address this issue.

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1.      The respondent's motion to dismiss (Dkt. 9) is **GRANTED in part**. Davis' petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED without prejudice** for failure to exhaust state remedies.

2.      A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____ December 14 _____, 2022.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE